United States District Court
Eastern District of Michigan

United States of America,

Plaintiff,

Case No. 26-mj-30532

v.

D-1 Shannon Monet Steel,

Defendant.

---

**Stipulation and Proposed Order to Adjourn the Preliminary Hearing and Find Excludable Delay**

---

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

The defendant made her initial appearance on the criminal complaint in this district on September 1, 2026, and was released on bond with various conditions. The preliminary examination is scheduled to take place September 22, 2026, and the parties are now seeking to adjourn the preliminary exam by approximately 60 days to November 20, 2026.

This is a case with a complex underlying investigation, and the parties are engaged in discussions that may potentially obviate the need for a preliminary hearing or indictment. Thus, the parties submit that there is good cause to adjourn the preliminary hearing. The defendant has consented to this adjournment, and the

adjournment sought is of a limited duration. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

For the same reasons, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Such a continuance would allow the parties time to engage in pre-indictment plea negotiations without strict time constraints and potentially pursue an expeditious and fair resolution of the government's prosecution of the defendant. It would also possibly result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the conservation of grand jury and prosecutorial resources by possibly eliminating the need for the defendant to be prosecuted by way of a grand jury indictment.

Accordingly, the parties request that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned from September 22, 2026 to November 20, 2026. The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the

30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.

The parties request that this ends-of-justice continuance begin on September 4, 2026, and continue through November 20, 2026, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/K. Craig Welkener*
K. Craig Welkener (P89399)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
kenton.welkener@usdoj.gov

*s/Alison Furtaw (w/consent)*
Alison Furtaw
Counsel for Defendant
Manley & Manley
4190 Telegraph Rd. Suite 3000
Bloomfield Hills, MI 48302
alison@manley.law

United States District Court
Eastern District of Michigan

United States of America,

Plaintiff,

Case No. 26-mj-30532

v.

D-1 Shannon Monet Steel,

Defendant.

---

**Order Adjourning the Preliminary Hearing and Finding Excludable Delay**

---

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from September 4, 2026, until November 20, 2026, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The parties' reasons for the requested adjournment and continuance are that this is a case with a complex underlying investigation, and the parties are engaged in discussions that may potentially obviate the need for a preliminary hearing or indictment. Having considered these reasons, the Court finds that there is good cause to adjourn the preliminary hearing and orders that it be adjourned to November 20, 2026. *See* Fed. R. Crim. P. 5.1(d).

In addition, for these same reasons, the Court finds that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until November 20, 2026, and orders that the period from September 4, 2026 to November 20, 2026, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
Hon. Elizabeth A. Stafford
United States Magistrate Judge

Dated: September 4, 2026